IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REGINALD C. PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-12-71-D |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his application supplemental security income benefits (SSI). Pursuant to an order entered by United States District Judge Timothy D. DeGiusti, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (TR. ____).  Both parties have briefed their respective positions and thus the matter is at issue.   For the reasons stated herein, it is recommended that the decision of the Commissioner be **REVERSED AND REMANDED** for further administrative proceedings.

## PROCEDURAL HISTORY

Plaintiff protectively filed his application for SSI on June 18, 2009, alleging that he became abled as of January 1, 2009, due to a learning disability and depression. (TR. 155-160, 161, 188, 201). The application was denied on initial consideration and

on reconsideration at the administrative level. (TR. 57-65). Pursuant to Plaintiff's request, a hearing was held before an administrative law judge (ALJ) on May 12, 2011. (TR. 28-56, 72-74). Plaintiff appeared in person with his attorney, and offered testimony in support of his application. (Tr. 30, 32-48). A vocational expert (VE) also testified at the request of the ALJ. (TR. 30, 48-56, 98). The ALJ issued his decision on May 27, 2011, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that he was thus not entitled to benefits. (TR. 8-27). Plaintiff then requested review of the administrative law judge's decision by the Appeals Council, which by order dated November 21, 2011, denied his request. (TR. 1-5). Thus, the decision of the ALJ became the final decision of the Commissioner. (TR. 1).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in

order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

In addressing the Plaintiff's disability application, the ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had not engaged in gainful activity after the alleged onset date. (TR. 13). At step two, the ALJ determined that Plaintiff had the following severe impairments: affective disorder, mental retardation, and substance addiction disorders. (TR. 13). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meets or equals any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 13-15).

The ALJ next considered Plaintiff's residual functional capacity (RFC), and found that Plaintiff could perform medium work, except that he is limited to simple, uncomplicated directions, instructions and tasks, and that he is limited in his ability to act appropriately with the general public. (TR. 5-6). In light of this RFC and Plaintiff's vocational factors, the ALJ found that Plaintiff was capable of performing his past relevant

work as fast food cook, janitor, lawn mower, building cleaner, and material handler. (TR. 22). Alternatively, based on the testimony of the VE and using Medical-Vocational Rule 203.27 as a framework, the ALJ found at step five that Plaintiff was able to perform other work in the national economy such as truck loader, hand packer, and laundry sorter. The ALJ concluded that in light of these findings, Plaintiff was not disabled, and thus not entitled to benefits. (TR. 23).

## ISSUES PRESENTED

Plaintiff raises three issues on appeal. First, he contends that the ALJ's finding at step three that Plaintiff did not meet the criteria of Listing 12.05(C) because he did not have a valid IQ of 60-70 is not supported by substantial evidence. (Plaintiff's Opening Brief, 9). Second, Plaintiff argues that his past work activity did not qualify as past relevant work, and that even if it did, the ALJ failed to make the required function-by-function analysis of that work. (Plaintiff's Opening Brief, 15). Finally, Plaintiff argues that the ALJ's alternative finding at step five was flawed by including jobs prohibited by his exertional limitations and by relying on VE testimony that did not reflect Plaintiff's illiteracy or marginal education. (Plaintiff's Opening Brief, 19). The undersigned finds Plaintiff's second and third claims of error to be dispositive of this appeal.

## DISCUSSION

### I. Past Relevant Work

Plaintiff contends that the ALJ failed to make findings justifying his conclusion that Plaintiff's past work qualified as "past relevant work" under the applicable legal

standards. (Plaintiff's Opening Brief, 15-19). Plaintiff claims that for past work to be vocationally relevant, it must have occurred within the last fifteen years, and must have generated enough income to qualify as substantial gainful employment (SGA). *Id.* at 16-17. Plaintiff concedes that over the previous fifteen years, he had some work in a variety of unskilled or very low-end semi-skilled jobs, but that none of the jobs were at SGA levels. *Id.* at 17. He contends that under the Commissioner's own ruling in SSR 82-62, a claimant who has had only sporadic work or work for brief periods of time may be considered to have no relevant work experience. (Plaintiff's Opening Brief, 17). Plaintiff notes that his earning records show that he had no earnings that would qualify as SGA during the relevant time period; he argues that his highest earnings were about $5300 in 1999—not enough to qualify as SGA under 20 C.F.R. §§ 416.910, 416.972. *Id.* at 18 n. 5. Finally, Plaintiff argues that the ALJ failed to perform the function-by-function analysis required to determine the mental and physical demands of his past jobs, making judicial review of his past relevant work finding at step four to be impossible.

The Commissioner *concedes* this error, but argues that the ALJ's finding at step five finding was supported by substantial evidence. (Commissioner's Brief, 8 n. 5).

**II. Hypothetical Posed to the Vocational Expert**

Plaintiff contends that the ALJ's finding that he can perform other work is not supported by substantial evidence because the ALJ relied on vocational testimony that did not precisely describe his characteristics. (Plaintiff's Opening Brief, 19-20). Plaintiff

contends that the hypothetical posed to the VE did not include the ALJ's RFC limiting Plaintiff to medium work, and asked the VE to assume the hypothetical claimant had an eighth grade education. (Plaintiff's Opening Brief, 20-23). Plaintiff argues that the record shows that he is illiterate, that he graduated from an eighth grade special education program, and reads at the first or second grade level. *Id.* at 20-21 (citing TR. 241, 235, 205, 377, 394-99). Plaintiff contends that the presumption that the grade level obtained in school is also the educational level can be rebutted by evidence the actual education is less than that reflected by the grade level obtained. (Plaintiff's Opening Brief, 21).

The Commissioner first responds that the ALJ's failure to pose a hypothetical limiting Plaintiff to medium work is harmless because the VE identified jobs that were within the exertional limitations adopted in the RFC. (Commissioner's Brief, 9). Next, the Commissioner contends that although Plaintiff testified that he "felt illiterate, did not know how to fill out employment applications, had been fired for getting orders wrong when he was a cook, and had problems with reading, spelling, and math while he was in school," Plaintiff's attorney never posed a hypothetical that altered the assumption of an eighth grade educational level. (Commissioner's Brief, 10). The Commissioner also cites to medical testimony of consultative examining psychologist Dr. Talley, who noted that despite Plaintiff's claim of illiteracy, his test results showed functioning above the level of mental retardation. The undersigned is not persuaded by these arguments.

It is well-established that an ALJ's hypothetical question to a VE "must include

all (and only) those impairments borne out by the evidentiary record." *Evans v. Chater*, 55 F. 3d 530, 532 (10th Cir. 1995). Hypothetical questions should be crafted carefully to reflect a claimant's RFC, because "[t]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991). The undersigned agrees with Plaintiff that the ALJ's questioning of the VE was flawed, resulting in a step five determination that is not supported by substantial evidence.

In the ALJ's recitation of the evidence, he specifically noted Plaintiff's school records showed that upon his completion of eighth grade, his reading and spelling scores were at the second grade level. (TR. 17). Although the ALJ's hypothetical to the VE incorporated the RFC limitations to "simple, uncomplicated directions, instructions and tasks," he asked the VE to assume a vocational factor of an eighth grade education. (TR. 23). Furthermore, the Commissioner's argument that Plaintiff's counsel did not pose a hypothetical with a lower grade level assumption, the undersigned notes that in his alternative hypothetical the *ALJ* asked the VE to "assume the claimant's testimony is credible." (TR. 24). The VE responded that Plaintiff would not be capable of other work. *Id.* Plaintiff's testimony included several references to the effect of his inability to read on his ability to get and maintain employment; for example, Plaintiff testified that he could not maintain some previous jobs because of his inability to read, having "to keep everything in my head." (TR. 41).

7

In *Wiederholt v. Barnhart*, No. 03-3251, 121 Fed. Appx. 833 (10th Cir. Feb 08, 2005) (unpublished decision), the ALJ assessed the claimant's mental RFC as being "limited to simple, unskilled job tasks." *Id.* at 839. He further found that she had "mild restrictions in activities of daily living, mild difficulties in maintaining social functioning, [and] moderate difficulties in maintaining concentration, persistence, or pace." *Id.* The hypothetical question posed by the ALJ included a limitation of "simple, unskilled" tasks. In response, the vocational expert opined that Mrs. Wiederholt could do unskilled light or sedentary work. *Id.* The ALJ adopted this as his finding. *Id.* The Tenth Circuit concluded that the hypothetical question was insufficient because it did not reflect all of Mrs. Wiederholt's limitations with accuracy.

> The relatively broad, unspecified nature of the description 'simple' and 'unskilled' does not adequately incorporate the ALJ's additional, more specific findings regarding Mrs. Wiederholt's mental impairments. Because the ALJ omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the resulting hypothetical question was flawed.

*Id.*

Here, the ALJ mischaracterized Plaintiff's literacy by asking the VE to assume an eighth grade education, without any mention of his actual reading level. The RFC did not specify whether the "simple, uncomplicated direction, instructions and tasks" would have to also account for his reading difficulty. Accordingly, the record is silent as to what effect such limitations would have on Plaintiff's ability to perform the jobs

identified by the VE. Because the vocational testimony in response to the flawed hypothetical cannot support the step five determination, the undersigned recommends that this matter be remanded to permit the Commissioner to obtain vocational testimony that considers all of Plaintiff's limitations and vocational factors.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge finds that the administrative law judge's step five determination is not supported by substantial evidence. Accordingly, it is recommended that the final decision of the Commissioner of Social Security Administration be **REVERSED AND REMANDED** for further administrative proceedings consistent with this Report and Recommendation. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by **March 6, 2013**, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72.

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on February 20, 2013.

*/s/ Shon T. Erwin*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE